IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| Plaintiff, | No. 6:19-cr-00039-MC-1 |
| v. | |
| **DANNIE KAY ALSTON,** | OPINION AND ORDER |
| Defendant. | |

**MCSHANE, Judge**:

Defendant Dannie Kay Alston moves for compassionate release because of the rapidly evolving COVID-19 pandemic. Because of the significant health concerns faced by Mr. Alston, his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 38, is GRANTED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may thus reduce Mr. Alston's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Alston is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

Mr. Alston is serving a 110-month sentence with a scheduled release date of August 11, 2025. Mot. to Reduce Sent. 3, ECF No. 38. At present, Mr. Alston is 69 years old and has multiple health concerns. This includes viral hepatitis C, seizures, fainting spells, back problems, cataracts, heart problems, hemorrhoids, and a history of smoking. Mot. to Reduce Sent. 3. Because Mr. Alston's health conditions make him a viable candidate for compassionate relief, the Government concedes that he has established extraordinary and compelling reasons. Resp. to Def.'s Mot. for Compassionate Release 1, ECF No. 42. Thus, the only question here is whether Mr. Alston remains a danger to the community.

When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. §

3142(g), which includes: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019). The Government argues that Mr. Alston remains a danger to the community because of the facts surrounding his underlying offense and extensive criminal history. Resp. to Mot. for Compassionate Release 3.

The Court disagrees. While the Government urges the Court to focus on Mr. Alston's criminal behavior, this ignores the fact that Mr. Alston "has availed himself of all rehabilitative programs while in custody and has received all good time credit that have been available to him." Def.'s Reply 2, ECF No. 43. Because Mr. Alston's "postsentencing conduct . . . sheds light on the likelihood that he will engage in future criminal conduct," the Court finds that Mr. Alston's actions while incarcerated support his argument that he is no longer a danger to the community. *Pepper v. United States*, 562 U.S. 476, 477 (2011).

The Court also agrees with Mr. Alston that his proposed release plan "will help ensure his safe transition to the community." Def.'s Mot. for Compassionate Release 16. Mr. Alston plans to live with his sister, an individual who will likely provide needed stability to Mr. Alston. *Id.* The Court also reviewed letters from Mr. Alston's family where they discussed their willingness and desire to help him during his transition. *See* Ex.'s E–G, ECF No. 38. Ultimately, with appropriate structure, Mr. Alston has proven that he can succeed. The Court therefore finds that Mr. Alston is no longer a danger to the community.

3 – OPINION AND ORDER

## **CONCLUSION**

For these reasons, Mr. Alston's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 38, is GRANTED. Mr. Alston's sentence of imprisonment is reduced to time served, effective 72 hours after the issuance of this order, if the Bureau of Prisons ("BOP") has determined that Mr. Alston is COVID-19 negative. If the BOP cannot make the determination by that date, the Government must notify the Court without delay. The term of imprisonment will be followed by a five-year term of supervised release, which will include home confinement, along with the conditions set forth in the original judgment. The Court finds that Mr. Alston has demonstrated extraordinary and compelling reasons and that his release under this order will not pose a danger to any other person or the community. This sentence reduction thus reflects the currently applicable U.S. Sentencing Commission policy statements.

IT IS HEREBY ORDERED that Defendant will be released 72 hours after the issuance of this order, for travel to his sister's home in Porterville, California, if the BOP has determined that he is COVID-19 negative. If the BOP cannot make the determination by that date, the Government will notify the Court without delay.

IT IS FURTHER ORDERED that an amended judgment and commitment order will be prepared and entered immediately in accordance with this decision.

IT IS SO ORDERED.

DATED this 5th day of March 2021.

                                                   s/Michael J. McShane
                                                   MICHAEL J. MCSHANE
                                                   United States District Judge